# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL J. BOZOCHOVIC,** | : | **CIVIL NO. 1:17-CV-1702** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **DOUGLAS MEYERS,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Samuel Bozochovic ("Bozochovic"), an inmate presently incarcerated at the Columbia County Prison, Bloomsburg, Pennsylvania, filed this civil rights action on September 20, 2017, naming Douglas Meyers, deputy warden, as the sole defendant. (Doc. 1). Bozochovic seeks to proceed *in forma pauperis*. (Doc. 2). For the reasons that follow, the motion will be granted solely for the purpose of the filing of the action, see 28 U.S.C. § 1915(b), and the complaint will be dismissed pursuant to 42 U.S.C. § 1997e(a).

## I. Allegations of the Complaint

On August 21, 2017, Bozochovic was placed in the restricted housing unit ("RHU") for a period of twenty-five (25) days due to a minor disciplinary infraction. (Doc. 1, at 2). Bozochovic asserts that the twenty-five (25) day punishment ended on September 15, 2017. (Id.) However, he contends that as of September 18, 2017, he remained in the RHU. (Id. at 3). Based on his continued placement in the RHU,

Bozochovic alleges false imprisonment and a violation of his due process rights. (Id.)

In response to questions concerning the exhaustion of administrative remedies, Bozochovic indicates that he filed a formal grievance and that he is still awaiting a response. (Doc. 1, at 3). He plainly indicates that the grievance process has not been completed. (Id.)

## II. Discussion

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000). It has been made clear that the exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, it has been recognized that a district court has the inherent power to dismiss *sua sponte* a complaint such as this

one which facially violates a bar to suit.[1]  See Ray v. Kertes, 285 F.3d 287, 295 n. 5 (3d Cir. 2002) (citing Booth, 206 F.3d at 293 n. 2) (noting that "Booth concedes that he did not avail himself of either the intermediate or final review process"); and Nyhuis, 204 F.3d at 66 (stating that plaintiff "argues that he did not avail himself of the administrative process because it could not provide him with two of the three forms of relief that he seeks in the present action")).

Bozochovic acknowledges that there is an administrative grievance procedure available but that he has not completed the process.  Because it is apparent from the face of the complaint that Bozochovic is barred from pursuing federal relief, the complaint will be dismissed pursuant to 42 U.S.C. § 1997e(a).

An appropriate order will issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      October 10, 2017

---

[1] As a general proposition, *sua sponte* dismissal is inappropriate unless the basis is apparent from the face of the complaint.  See, e.g., Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).